## 12326

### JEFFCOAT v. ZICKGRAF *ET AL.*

(140 S. E., 478)

1. BANKS AND BANKING—PURCHASERS OF TIMBER RIGHTS PAYING, TO BANK DESIGNATED BY VENDOR, DRAFT DRAWN BY VENDOR HELD DISCHARGED FROM FURTHER LIABILITY, NOTWITHSTANDING BANK'S FAILURE BEFORE VENDOR RECEIVED MONEY.—Where vendor of timber rights deposited deed with bank and made draft on purchasers payable to bank, purchasers by paying draft to bank *held* discharged from further liability, notwithstanding bank's failure before cashier's check to vendor was honored.

2. BANKS AND BANKING—VENDOR ACCEPTING CASHIER'S CHECK FOLLOWING PURCHASERS' PAYMENT OF DRAFT TO BANK TOOK RISK OF CHECK'S VALIDITY.—Where purchasers of timber rights made payment to bank to honor draft payable at such bank and drawn by vendor, vendor accepting cashier's check from bank took risk of validity of check, so that purchasers cannot be liable for loss due to bank's failure before such check was cashed.

Before MANN, J., Bamberg, November, 1926. Affirmed.

Action by G. C. Jeffcoat against W. C. Zickgraf and others. Judgment for defendants, and plaintiff appeals.

*Messrs. L. K. Sturkie and Wolfe & Berry,* for appellant, cite: *When appellant acted upon instructions of respondents, the latter should bear the loss in justice and good faith:* 91 S. C., 91.

*Messrs. R. C. Hardwick and E. H. Henderson,* for respondents, cite: *As to payment:* Sec. 3770, Code; 7 C. J., 615; Id., 627; 21 R. C. L., 32; 72 S. E., 415; 50 S. E., 308. *Before collection a bank is the agent of the party who leaves the draft with it for collection:* 136 S. C., 511. *Manner of presentment for payment not compulsory:* Secs. 3723, 3724, Code. *Cases distinguished:* 91 S. C., 91.

December 1, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action for $1,000, the purchase price of certain timber sold by the plaintiff to the defendants.

It appears that the plaintiff, Jeffcoat, lived in Orangeburg County and owned a tract of timber land therein. The defendants, the Zickgrafs, partners, were sawmill men operating at Denmark, in Bamberg County. In April, 1925, Jeffcoat bargained the timber upon his tract of land to the Zickgrafs for $1,000. A little later J. E. Steadman, Esq., a lawyer at Denmark, representing the Zickgrafs, went to the home of Jeffcoat with a deed for the timber rights prepared for execution. Jeffcoat executed the deed, but did not at that time deliver it. He was directed by Steadman to take the deed to the Bank of Denmark, which, under a previous arrangement with the Zickgrafs, would accept delivery of the deed for them and pay Jeffcoat the consideration. When Jeffcoat went to the Bank of Denmark a few days thereafter, directed by him to go to the Citizens' Bank of Denmark, he found it closed. He reported to Steadman and was

which would do as he had expected the Bank of Denmark to do, accept the deed for the Zickgrafs and pay Jeffcoat. Jeffcoat went to the Citizens' Bank and complied with the directions of the cashier by drawing a draft upon the Zickgrafs for $1,000, *payable to the Citizens' Bank,* which he left, together with the deed, with the bank, upon the assurance of the cashier, who gave him a "slip or memorandum," that payment of the $1,000 would be arranged in a few days. Later, the Zickgrafs paid the draft with their check upon the Citizens' Bank, and the bank mailed to Jeffcoat a cashier's check for $1,000 upon a bank in Wilmington, N. C., dated April 27, 1925. Jeffcoat received the check and in a few days deposited it with a bank in Orangeburg. The Citizens' Bank of Denmark closed its doors on May 4, 1925, before its check in favor of Jeffcoat was presented to the Wilmington Bank, which upon its presentation declined payment upon the ground of insufficient funds. Upon demand by Jeffcoat for payment of the $1,000, the Zickgrafs refused, and this action followed.

The case was tried before his Honor Judge Mann and a jury at November term, 1926. At the close of the testimony the defendants moved for a directed verdict in their favor upon the ground "that the only reasonable inference to be drawn from the testimony is that the debt in question has been paid." His Honor granted the motion, and from the judgment entered upon the verdict so directed the plaintiff has appealed.

His Honor held, in substance, that, when Jeffcoat deposited the deed with the Citizens' Bank, made a draft on the Zickgrafs payable to the bank, and the Zickgrafs paid the draft with their own check upon the deposit in the Citizens' Bank the payment was to the bank for Jeffcoat, who had deposited the draft with the bank for collection, and that thereby the bank became a debtor to

Jeffcoat, discharging the Zickgrafs from further liability for the contract purchase price of the timber.

In this we think that he was entirely right. It is hard upon Jeffcoat, but as was remarked in the case of *Peurifoy v. Bank,* 141 S. C., 370; 139 S. E., 793:

"* * * The time has not arrived yet when a bank failure has not hurt, and hurt badly, scores of person who dealt with it in confidence of its strength."

It would be just as hard upon the Zickgrafs who performed all of their obligations and in the exact manner prescribed by Jeffcoat.

In addition to this consideration, Jeffcoat was not obliged to accept the check of the bank; he could have demanded the money; and when he accepted the check and deposited it with the Orangeburg bank, he accepted and ratified the action of the Citizens' Bank and took the risk of the validity of the check.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES, BLEASE, STABLER and CARTER concur.